IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 19-cv-144-DGW[1] |
| COMMISSIONER of SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court is defendant's Motion for Remand for Further Proceedings. **(Doc. 29)**. The pro se plaintiff filed a response in opposition at **Doc. 31**.

Defendant asks that this case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993).

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Docs. 15 & 22.

Defendant proposes that, upon remand, "the ALJ will re-evaluate the claimant's RFC, with citation to the medical evidence that supports each limitation assessed; re-evaluate the record medical opinions; and obtain additional vocational evidence if warranted."

Plaintiff opposes remand because he wants his case to be presided over by a Magistrate Judge and not another ALJ. He states that he has encountered injustice in the past through "female persuasion" and fears it will happen again. He asks for $1.2 million in damages to compensate him for the physical, mental, and emotional pain he has endured for the last 30 years.

Plaintiff misunderstands the Court's role here. This Court's authority to review the Commissioner's final decision denying his application for disability benefits is derived from 42 U.S.C. § 405(g). That section does not give the Court the authority to award the kind of damages that plaintiff asks for in his response. Rather, this Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Further, the Court cannot take the unusual action of awarding plaintiff disability benefits here. As the ALJ found, plaintiff does have several severe impairments. The medical records reflect that he has severe osteoarthritis in the right hip following surgical repair and internal fixation. However, the medical evidence is not "so one-sided as to compel a conclusion that [he] is disabled." *Bird v. Berryhill*, 847 F.3d 911, 912 (7th Cir. 2017). For instance, plaintiff's own treating doctor recorded a normal physical exam in April 2015 and a consultative examiner found that he was able to walk without an assistive device. (Tr. 240, 271). The most the Court can do is to order a sentence four remand for further proceedings. In short, a remand is a win for the plaintiff here.

Plaintiff applied for disability benefits in July 2015. (Tr. 10). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

For good cause shown, defendant's Motion for Remand for Further Proceedings **(Doc. 29)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying plaintiff's application for social security disability benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: September 30, 2019.**

*Donald Wilkerson* (signature)

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**